IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BURTON'S PHARMACY, INC., PIKE'S PHARMACY, INC., and DILWORTH DRUGS, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:11CV2 |
| CVS CAREMARK CORPORATION, CVS PHARMACY, INC., CAREMARK RX, LLC, and CAREMARK, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER

BEATY, District Judge.

On September 15, 2015, the Memorandum Opinion and Recommendation of the United States Magistrate Judge [Doc. #71] [hereinafter Recommendation] was filed and notice was served on the parties pursuant to 28 U.S.C. § 636(b). In the Recommendation, the Magistrate Judge recommended that the Motion of Defendants CVS Caremark Corporation, CVS Pharmacy, Inc., Caremark Rx, LLC, and Caremark, LLC to Dismiss and Compel Arbitration [Doc. #20] be granted to the extent that this matter be ordered to arbitration, that this action be stayed pending that arbitration, and that the Clerk's Office be directed to administratively close this case, without prejudice to either party moving to reopen the proceedings as appropriate during or at the conclusion of the arbitration. No objections to the Recommendation were filed within the time limits prescribed by § 636.

In the absence of objections, this Court reviews the Recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005);

Fed. R. Civ. P. 72 advisory committee's note. The Court has appropriately reviewed the Recommendation. Having done so, the Court finds that no clear error exists and that the Recommendation should be adopted. The Magistrate Judge's Recommendation [Doc. #71] is therefore affirmed and adopted for the reasons set forth therein.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss and Compel Arbitration [Doc. #20] is granted to the extent that this matter is ordered to arbitration, that this action is stayed pending that arbitration, and that the Clerk's Office is directed to administratively close this case, without prejudice to either party moving to reopen the proceedings as appropriate during or at the conclusion of the arbitration.

This, the 14th day of October, 2015.

/s/ James A. Beaty
United States District Judge